IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SEAN A. FAIRWEATHER, | : Civ. No. 4:26-CV-01655 |
| Plaintiff, | : |
| v. | : (Chief Magistrate Judge Bloom) |
| VICTORIA JOHNSTON, | : |
| Defendant. | : |

## MEMORANDUM OPINION

### I. Introduction

This action is the second lawsuit by the *pro se* plaintiff, Sean Fairweather, against the defendant, Victoria Johnston, asserting virtually identical claims, arising from the same set of facts as the previous action.[1] Fairweather filed his first lawsuit in this court, alleging that Johnston defamed him in violation of federal and state laws.[2] This court dismissed his federal claims with prejudice and dismissed his state-law claims without prejudice.[3] Fairweather then initiated the present

[1] Doc. 1-1.
[2] *Fairweather v. Johnston*, No. 4:25-CV-268, 2026 WL 562724 (M.D. Pa. Feb. 2, 2026) ("*Fairweather I*") (Doc. 1).
[3] *Fairweather I*, 2026 WL 562724, at *1.

action in Pennsylvania state court and Johnston removed the matter to this court.[4]

After consideration, we conclude that Fairweather's re-raised federal claims are procedurally barred by his first lawsuit, leaving his remaining state law claims outside of this court's removal jurisdiction. Accordingly, we will dismiss Fairweather's federal claims as precluded by res judicata and remand his state law claims pursuant to 28 U.S.C. § 1447(c).

## II. Statement of Facts and of the Case

Fairweather is the father of five children.[5] Johnston is a case manager for the Bradford County Children and Youth Services ("CYS").[6] While Fairweather has never dealt with CYS, Fairweather's girlfriend—J.H., who is the mother of Fairweather's three daughters—has a case with CYS and Johnston is her case manager.[7] Fairweather's complaint alleges that, in or around November of 2024, Johnston made false

---

4 Docs. 1, 1-1.
5 Doc. 1-1.
6 *Id.*
7 *Id.*

statements that Fairweather was convicted of watching child pornography in 2017.[8]

In February 2025, Fairweather filed a civil rights lawsuit *pro se* against Johnston in this court based on the same factual allegations in the present action (*Fairweather I*).[9] *Fairweather I* asserted federal claims against Johnston in her individual capacity pursuant to 42 U.S.C. § 1983, alleging violations of the Fourth and Fourteenth Amendments.[10] *Fairweather I* further purported to assert claims against Johnston in her official capacity as a case manager with Bradford County CYS.[11] *Fairweather I* also appeared to assert state tort claims by referring to assault, libel, slander, fraud, negligence, and intrusion upon seclusion.[12]

Prior to service upon the defendant, and because Fairweather applied to proceed *in forma pauperis*, in October of 2025, Magistrate Judge Schwab conducted a mandatory preliminary screening review of

[8] *Id.*
[9] *Fairweather v. Johnston*, No. 4:25-CV-268, 2026 WL 562724 (Doc. 1).
[10] *Id.* Fairweather also mentioned the Federal Torts Claim Act and 28 U.S.C. § 1346.
[11] *Id.*
[12] *Id.*

Fairweather's complaint pursuant to 28 U.S.C. § 1915A.[13] Judge Schwab's Report and Recommendation ("R&R") recommended that the court dismiss Fairweather's federal claims for failure to state a claim upon which relief can be granted and that the court decline to exercise supplemental jurisdiction over Fairweather's state-law claims.[14] In February 2026, the district court adopted Judge Schwab's R&R and dismissed Fairweather's federal claims with prejudice, and, to the extent *Fairweather I* raised state-law claims, concluded that the court lacked subject matter jurisdiction and dismissed the claims without prejudice.[15]

In March of 2026, Fairweather filed this second lawsuit (*Fairweather II*) in the Court of Common Pleas of Bradford County, Pennsylvania, again alleging defamation and various constitutional violations arising from the same statements by Johnston alleged in *Fairweather I*.[16] Fairweather also appears to assert tort claims for

---

[13] *Fairweather I*, No. 4:25-CV-00268, 2025 WL 3481777, *1-2 (M.D. Pa. Oct. 14, 2025), *report and recommendation adopted*, 2026 WL 562724.
[14] *Id.* at *10.
[15] *Fairweather I,* 2026 WL 562724, at *1.
[16] Doc. 1-1 ¶ 11-12. Fairweather generally alleges the purported "acts and omissions" by Johnston "violated his rights under the laws of the State and United States Constitution, along with a depravation of civil rights and/or due process rights.

defamation and negligence.[17] Johnston removed *Fairweather II* to this court,[18] and subsequently filed a motion to dismiss.[19]

After consideration, we conclude that Fairweather's federal claims are barred by the doctrine of res judicata. Accordingly, we will dismiss those claims and remand Fairweather's state law claims to the state court.

## III. Discussion

### A. Motion to Dismiss – Standard of Review

The defendant filed a motion to dismiss the complaint pursuant to Rule 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure, or, in the alternative, for a more definite statement pursuant to Fed. R. Civ. P. 12(e).

The court may dismiss a complaint under Rule 12(b)(6) if the complaint fails to state a claim upon which relief can be granted.[20] Under federal pleading standards, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief."[21]

---

[17] Doc. 1-1 ¶ 9-10.
[18] Doc. 1.
[19] Doc. 3.
[20] Fed. R. Civ. P. 12(b)(6).
[21] Fed. R. Civ. P. 8(a)(2).

In determining whether a complaint states a claim for relief under this pleading standard, a court must accept the factual allegations in the complaint as true,[22] and accept "all reasonable inferences that can be drawn from them after construing them in the light most favorable to the non-movant."[23] However, a court is not required to accept legal conclusions or "a formulaic recitation of the elements of a cause of action."[24]

As the Third Circuit Court of Appeals has aptly summarized:

> [A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. . . . Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief. . . . In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. . . . As the Supreme Court instructed in *Iqbal*, where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief. . . . This

[22] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[23] *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).
[24] *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

> "plausibility" determination will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.[25]

Generally, when considering a motion to dismiss, a court relies on the complaint and its attached exhibits, as well as matters of public record.[26] A court can also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents."[27] If the complaint relies on the contents of a document not physically attached to the complaint but whose authenticity is not in dispute, the court may consider such document in its determination.[28] However, the court may not rely on any other part of the record when deciding a motion to dismiss.[29]

Finally, when reviewing a *pro se* complaint, we are reminded that such complaints are to be construed liberally, "so 'as to do substantial

---

[25] *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (citation modified).
[26] *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).
[27] *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).
[28] *See Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002).
[29] *Jordan*, 20 F.3d at 1261.

justice.'"[30] Additionally, we must apply the relevant law even if the *pro se* plaintiff does not mention it by name.[31]

B. <u>The Complaint will be Dismissed in Part.</u>

Setting aside issues of service and the sufficiency of Fairweather's pleadings, the appropriateness of res judicata is immediately apparent. The doctrine of res judicata, also called claim preclusion, "has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation."[32] The effect of the doctrine is to bar a plaintiff from initiating redundant lawsuits against the same party for the same "cause of action."[33]

Res judicata is an affirmative defense that is ordinarily waived if not timely raised.[34] Nevertheless, a court may raise the issue of claim

---

[30] *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) (quoting Fed. R. Civ. P. 8(f)).
[31] *See Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (citing *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002)).
[32] *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 (1979) (citing *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313, 328–29 (1971)).
[33] *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008).
[34] *See Arizona v. California*, 530 U.S. 392, 410, *supplemented*, 531 U.S. 1 (2000); Fed. R. Civ. P. 8(c)(1) ("In responding to a pleading, a party must

preclusion *sua sponte* in appropriate circumstances. "Most notably, 'if a court is on notice that it has previously decided the issue presented, the court may dismiss the action *sua sponte*, even though the defense has not been raised.'"[35] Such judicial initiative is "fully consistent with the policies underlying res judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste."[36] Thus, "[d]ismissal for failure to state a claim is appropriate when it is obvious, either from the face of the pleading or from other court records, that . . . res judicata will necessarily defeat the claim."[37]

---

affirmatively state any avoidance or affirmative defense, including . . . res judicata . . . .).

[35] *Arizona*, 530 U.S. at 412 (quoting *United States v. Sioux Nation*, 448 U.S. 371, 432 (1980) (REHNQUIST, J., dissenting) (citations omitted); *see also Curbison v. United States*, No. 25-2893, 2026 WL 788901, at *1 (3d Cir. Mar. 20, 2026) (not precedential) ("Though res judicata is an affirmative defense, it is appropriate for a court to raise the issue sua sponte if the court is on notice that it has decided the issue previously.").

[36] *Sioux Nation*, 448 U.S. at 432; *Id.* at 433 ("It matters not that the defendant has consented to the relitigation of the claim since the judiciary retains an independent interest in preventing the misallocation of judicial resources and second-guessing prior panels of Art. III judges when the issue has been fully and fairly litigated in a prior proceeding.").

[37] *McLaughlin v. Bd. of Trustees of Nat'l Elevator Indus. Health Benefit Plan*, 686 F. App'x 118, 121 (3d Cir. 2017) (not precedential).

Under federal law, res judicata applies where "there has been (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action."[38] The Third Circuit Court of Appeals recognizes that "the term 'cause of action' cannot be precisely defined, nor can a simple test be cited for use in determining what constitutes a cause of action for res judicata purposes."[39] Instead, a court considering if a cause of action is the same should look toward the "essential similarity of the underlying events giving rise to the various legal claims."[40] That practice is "in keeping [with] '[t]he present trend ... in the direction of requiring that a plaintiff present in one suit all the claims for relief that he may have arising out of the same transaction or occurrence.'"[41]

Here, each of the requirements of res judicata are satisfied. First, given that Fairweather filed *Fairweather I* in this court, the district court is on notice that his federal claims in the instant action were previously

---

[38] *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 1991) (citing *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 983 (3d Cir. 1984)).
[39] *Id.*
[40] *Davis v. United States Steel Supply*, 688 F.2d 166, 171 (3d Cir. 1982) (en banc), cert. denied, 460 U.S. 1014 (1983).
[41] *Athlone*, 746 F.2d at 984 (quoting 1B J. Moore & J. Wicker, Moore's Federal Practice ¶ 0.410[1], at 359 (2d ed. 1983)).

decided. This court dismissed *Fairweather I* for failure to state a claim on February 2, 2026, in accordance with this court's statutory obligation to conduct a preliminary screening review under 28 U.S.C. § 1915A.[42]

This court found that Fairweather *I* failed to state any federal claims upon which relief can be granted. Specifically, the court concluded that the complaint in *Fairweather I* (1) failed to plausibly allege any claim within the ambit of Fourth Amendment; (2) failed to allege any Equal Protection claim based upon discrimination; (3) failed to allege a denial of a privilege or immunity of his federal citizenship in violation of the Fourteenth Amendment; and (4) failed to allege facts to support a municipal liability claim against the County to support an official-capacity suit against Johnston. That is a final judgment on the merits.[43]

Second, the named parties are identical in *Fairweather I* and *Fairweather II.*

---

[42] *Fairweather I*, 2025 WL 3481777, at *2, *report and recommendation adopted*, 2026 WL 562724.

[43] *See, e.g. Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n. 3, (1981) ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits'" for purposes of res judicata).

Third, *Fairweather II* arises from the same cause of action. While it is true that *Fairweather II* does not specify the precise constitutional claims asserted in *Fairweather I,* the presence of varying legal claims is not dispositive for res judicata purposes.[44] Rather, the key considerations are "whether the acts complained of were the same, whether the material facts alleged in each suit were the same and whether the witnesses and documentation required to prove such allegations were the same."[45] There is no question that those aspects are identical between these two suits. Fairweather's complaint in the instant matter, save a few paragraphs, is a near word-for-word copy of the complaint in *Fairweather I.*[46] It is apparent from the complaints that the factual allegations are the same, and the witnesses and documentation that would be needed at trial are the same. In sum, we conclude that these cases are based on the same cause of action.

Because all three elements of res judicata are met, we will dismiss Fairweather's federal claims *sua sponte* as barred by res judicata and deny the defendant's motion to dismiss as moot.

---

[44] *Athlone*, 746 F.2d at 984.

[45] *Id.*

[46] *Compare Fairweather I*, Doc. 1 *with Fairweather II*, Doc. 1-1.

### C. The Complaint's Remaining State Law Claims will be Remanded.

Fairweather also appears to assert state law claims. Typically, a district court has discretion to exercise supplemental jurisdiction over a state law claim if the district court has dismissed all claims over which it has original jurisdiction.[47] But an added wrinkle is presented in cases removed from state court. "A civil case commenced in state court may, as a general matter, be removed by the defendant to federal district court, if the case could have been brought there originally."[48] The Supreme Court has instructed that "[i]f it appears that the federal court lacks jurisdiction, however, the case shall be remanded."[49]

As Fairweather's federal claims have been dismissed, there is no basis for the court to exercise jurisdiction over any remaining state law claims. Thus, we will remand the remainder of Fairweather's complaint back to the Court of Common Pleas of Bradford County, Pennsylvania, and deny Johnston's motion for a more definite statement as moot.

---

[47] 28 U.S.C. § 1367(c)(3).
[48] *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (U.S.,2005) (citing 28 U.S.C. § 1447(c)).
[49] *Id.*

## IV. Conclusion

For the foregoing reasons, the defendant's motion to dismiss and motion for a more definite statement will be DENIED as moot, and this case will be DISMISSED WITH PREJUDICE in part and REMANDED in part.

An appropriate order follows.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge

Dated: August 28, 2026